| | |
|---|---|
| SCOTT VERNON DENISON, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | CASE NO. C16-6047-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Plaintiff Scott Vernon Denison proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1967.[1] He has a high school diploma and one year of college

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

education, along with additional training in the U.S. Army. (AR 260.) He previously worked as a non-commissioned officer in the U.S. Army for more than 20 years, and upon his retirement from the Army worked a few short-term odd jobs for no longer than two weeks at a time. (AR 260-61.)

Plaintiff applied for DIB in December 2014. (AR 213-14.) That application was denied initially and upon reconsideration and Plaintiff timely requested a hearing. (AR 125-27, 132-38.)

On October 28, 2015, ALJ Joanne Dantonio held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 64-97.) On March 24, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 44-56.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on October 19, 2016. (AR 2-7.) Plaintiff filed additional evidence, asking the Appeals Council to reconsider its decision to deny review and extend his deadline to file in federal court. (AR 98-100.) On the same day that Plaintiff requested reconsideration of the Appeals Council's denial of his request for review, he filed a complaint in this court, appealing the ALJ's decision. Dkt. 1.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff did not engage in substantial gainful activity between the alleged onset date (September 14, 2007) and the date last insured (DLI), December 31, 2011. (AR 46.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's asthma, lumbar

degenerative disk disease, cervical degenerative disk disease and post-traumatic stress disorder (PTSD). (AR 46-47.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 47-48.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that through the DLI, Plaintiff was capable of performing light work as defined in 20 C.F.R. § 404.1567(b), with additional limitations. He could lift/carry 10 pounds frequently and 20 pounds occasionally. He could never climb ladders, ropes, or scaffolds. He could occasionally climb ladders, stoop, kneel, crawl, and balance. He could never crawl.[2] He could frequently finger. He must avoid concentrated exposure to extreme temperatures, humidity, pulmonary irritants, and hazards. He could perform simple, routine tasks that do not require teamwork or public contact. He could have less than occasional changes to work tasks within a one-month period. (AR 49.) With that assessment, the ALJ found Plaintiff unable to perform any of his past relevant work. (AR 54.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance

---

[2] As noted by Plaintiff, the ALJ's RFC assessment is internally inconsistent, because it provides that Plaintiff can both never climb ladders or crawl, as well as occasionally climb ladders and crawl. *See* Dkt. 10 at 18. Although Plaintiff contends that these inconsistencies "alone warrant[] reversal" (Dkt. 10 at 18), he has not shown that he was prejudiced by the error. None of the jobs identified at step five involve any crawling or ladder climbing, as defined in the Dictionary of Occupational Titles (DOT). *See* DOT 209.587-010, 1991 WL 671797 (addresser); DOT 222.687-022, 1991 WL 672133 (router clerk); DOT 920.685-026, 1991 WL 687929 (bottle packer). Accordingly, the ALJ's error is harmless.

of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, including addresser, router clerk, and bottle packer. (AR 55-56.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting opinions provided by examining psychiatrist James Hopfenbeck, M.D.; treating psychologist Brad Powell, Ph.D.; and treating counselor April Godsey, MA, NCC; and (2) discounting Plaintiff's subjective testimony. Plaintiff argues that these errors should be remedied by a remand for a finding of disability, or, in the alternative, a remand for further proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed, and that if it is remanded, it should be remanded for further proceedings.

### Medical opinion evidence

Plaintiff argues that the ALJ erred in discounting opinions provided by Drs. Hopfenbeck and Powell, and Ms. Godsey, and the Court will address each disputed opinion in turn.

A.  Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-

examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

In order to be eligible for DIB, a claimant must establish disability on or before his or her DLI. 20 C.F.R. §§ 404.131, 404.321. Medical opinions that post-date the DLI may nonetheless be relevant to determining whether a claimant was disabled before the DLI. *Smith v. Bowen*, 849 F.2d 1222, 1225-26 (9th Cir. 1988). Post-DLI medical opinions cannot be disregarded solely because the post-date the DLI. *See Smith*, 849 F.2d at 1225-26. Post-DLI opinions may be properly discounted, however, where the opinion does not have retrospective applicability or where the pre-DLI evidence is inconsistent with it. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that an ALJ may discount a post-DLI opinion that is inconsistent with pre-DLI evidence); *Morgan v. Colvin*, 2013 WL 6074119, at *10 (D. Or. Nov. 13, 2013) ("[I]t is well-established that an ALJ may reject a medical opinion, even that of a treating doctor, where 'it was completed . . . years after the claimant's date last insured and was not offered as retrospective analysis.'" (quoting *Senter v. Astrue*, 2011 WL 3420426, at *3 (C.D. Cal. Aug. 4, 2011)));

*Capobres v. Astrue*, 2011 WL 1114256, at *5 (D. Ida. Mar. 25, 2011) (explaining that while post-DLI medical evidence cannot be rejected solely as remote in time, it can be rejected on the grounds that the evidence itself is not retrospective).

B. <u>Dr. Hopfenbeck's 2015 opinion</u>

Dr. Hopfenbeck performed a psychiatric evaluation of Plaintiff in June 2015, 3.5 years after Plaintiff's DLI. (AR 896-907.) Dr. Hopfenbeck did not review mental health records dating to the adjudicated period, but did review post-DLI records. (AR 896-97.) Dr. Hopfenbeck's narrative opinion described many severe symptoms, and indicates that Plaintiff's

> impairments will persist for years to come due to the complexity and pervasiveness of his symptoms of PTSD and depression. Ms. Godfrey dated [Plaintiff's] limitations at her rated severity level to several years before they began therapy, and Dr. Powell set this date to 9/14/2007, the date he last worked in any capacity. His avoidance and phobia about treatment led to these variations in his onset date. In my opinion, Dr. Powell's date appears to be more apt, and that is clearly the most likely date to mark his complete inability to work. [Plaintiff] remains incapable of working due to PTSD, and that state of affairs is predictably certain to continue for the foreseeable future.

(AR 902-03.) Dr. Hopfenbeck also completed a checkbox form medical source statement, rating Plaintiff's limitations in various areas and finding that Plaintiff's limitations had been as severe since September 14, 2007. (AR 904-07.)

The ALJ gave no weight to Dr. Hopfenbeck's opinion or the checkbox form, because they were written years after the DLI, after a one-time evaluation and no access to pre-DLI evidence, and yet purported to apply since September 2007. (AR 52-53.) The ALJ also noted that Dr. Hopfenbeck adopted Dr. Powell's date of applicability, which was based on the end of Plaintiff's most recent job, rather than "objective evidence of severity." (AR 53.) The ALJ further found that Plaintiff's reports to Dr. Hopfenbeck were not consistent with the pre-DLI evidence. (AR 52-53.)

These are specific and legitimate reasons to discount Dr. Hopfenbeck's opinion. Plaintiff suggests that the ALJ rejected the opinion simply because it was retrospective (Dkt. 10 at 12), but the ALJ's assessment was more nuanced: the ALJ noted that Dr. Hopfenbeck purported to provide a retrospective opinion, but had only examined Plaintiff once, "long after the period in question[,]" and based his opinion on the longevity of Plaintiff's limitations on his work history, "rather than objective evidence of severity." (AR 53.) The only mental-health records reviewed by Dr. Hopfenbeck also post-date the DLI. (AR 896-97 (Dr. Hopfenbeck's description of records reviewed).) Dr. Hopfenbeck did not provide a "good reason[,]" as argued by Plaintiff (Dkt. 10 at 12), to credit his opinion regarding retrospectivity. Instead, the ALJ provided multiple legitimate reasons to question the foundation of Dr. Hopfenbeck's opinion regarding the onset of Plaintiff's disability. *See E.R.H. v. Comm'r of Social Sec. Admin.*, 384 Fed. Appx. 573, 575 (9th Cir. Jun. 16, 2010) (affirming an ALJ's rejection of a treating physician's retrospective opinion because the physician did not begin treating the claimant until years after the onset date identified, the physician had no treatment notes to support the onset date identified, and there was no medical evidence in the record on which the ALJ could rely on to support the onset date identified).

Plaintiff also argues that the ALJ erred in not specifically addressing Dr. Hopfenbeck's Global Assessment of Functioning (GAF) score (AR 902), but this score measured Plaintiff's need for treatment at the time of the evaluation, which was many years after the end of the adjudicated period. *See Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998) ("A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment."). Dr. Hopfenbeck's GAF score therefore is not relevant to the ALJ's inquiry, and the ALJ was not obligated to explicitly discuss it. *See See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is

neither significant nor probative").

For all of these reasons, the ALJ's assessment of Dr. Hopfenbeck's 2015 opinion is affirmed.

C. Dr. Hopfenbeck's 2016 addendum

After the ALJ's decision was entered, Dr. Hopfenbeck reviewed that decision and wrote an addendum to his 2015 opinion, addressing the ALJ's rejection of his conclusions. (AR 99-100.) Plaintiff attached this addendum to his request for reconsideration of the Appeals Council's denial of his request for review. (AR 98.) The parties filed supplemental briefing at the Court's direction regarding the status of this addendum and which type of remand it could trigger. Dkt. 14, 15, 16.

District courts may remand a Social Security case in one of two ways, based on either sentence four or sentence six of 42 U.S.C. § 405(g). A sentence-four remand is based on the administrative record as compiled by the Commissioner, while a sentence-six remand can account for new, material evidence for which there is good cause for the failure to incorporate the evidence into the administrative record earlier. 42 U.S.C. § 405(g). Under *Brewes v. Commissioner of Social Security Administration*, evidence considered for the first time by the Appeals Council must be considered by the district court as part of the administrative record when reviewing an ALJ's decision for substantial evidence under sentence four, and this evidence is not subject to the sentence-six requirements of good cause and materiality. 682 F.3d 1157, 1163 (9th Cir. 2012).

The parties agree to some extent that the Appeals Council did not "consider" Dr. Hopfenbeck's addendum, as that term is used in *Brewes*, because the addendum was submitted after the ALJ's decision became final. Dkt. 15 at 3; Dkt. 16 at 2. The Commissioner argues that under these circumstances, Dr. Hopfenbeck's addendum can only be considered in the context of a sentence-six remand, and Plaintiff has not satisfied the good cause and materiality standards.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

Dkt. 16 at 2-4. Plaintiff argues that because Dr. Hopfenbeck's addendum was included in the administrative record, even if it was not "considered" by the Appeals Council, sentence four applies. Dkt. 15 at 3-6 (citing *Taylor v. Comm'r of Social Sec. Admin.*, 659 F.3d 1228, 1232-33 (9th Cir. 2011)).

In *Taylor*, a medical opinion was submitted to the Appeals Council in a timely fashion but was lost "[s]omewhere in the shuffle" and was never considered before the Appeals Council denied review. 659 F.3d at 1232-33. The Ninth Circuit held that because the Appeals Council was required to consider the lost opinion, "remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." 659 F.3d at 1232 (citing 20 C.F.R. § 404.970(b)).

The Commissioner persuasively argues that *Taylor* is factually distinguishable from this case because the medical opinion at issue in *Taylor* was submitted before the ALJ's decision became final and had become lost, whereas Dr. Hopfenbeck's addendum in this case was submitted after the ALJ's decision was already administratively final. Dkt. 16 at 4-5. Indeed, in *Taylor*, the Ninth Circuit emphasized that the Appeals Council was required to consider the lost opinion, but there is no similar obligation in this case, because the evidence was submitted along with a request for reconsideration lacking any regulatory authorization. *Taylor* is therefore inapplicable, and does not support Plaintiff's argument here.

Because Plaintiff is essentially asking the Court to review Dr. Hopfenbeck's addendum in the first instance, the only vehicle for such a review is sentence six, and the Court finds that Plaintiff has not shown that the evidence satisfies the prerequisites for a sentence-six remand. Dr. Hopfenbeck's addendum is primarily cumulative of the opinion before the ALJ, and the non-cumulative portions consist of critiques of the ALJ's decision. (AR 99-100.) This information is

not material to the ALJ's disability determination, and there is no reasonable possibility that the addendum would have changed the outcome of the administrative hearing. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (explaining the materiality standards applicable under sentence six).

The addendum's lack of probative value indicates that even if it had been considered under sentence four, it would not have divested the ALJ's decision of the support of substantial evidence. Accordingly, the Court finds that Dr. Hopfenbeck's addendum does not establish error in the ALJ's decision or provide a basis for remand.

D. <u>Dr. Powell</u>

Plaintiff's treating psychologist, Dr. Powell, completed a form medical source statement in June 2015, describing Plaintiff's limitations and opining that those limitations existed since September 2007. (AR 775-78.)

The ALJ gave Dr. Powell's opinion no weight, finding it inconsistent with Plaintiff's reports before his DLI, and finding that Dr. Powell "attempted to reach back to September of 2007 without corresponding treatment records to support his assertion." (AR 53.)

The ALJ's reasons to discount Dr. Powell's opinion are specific, legitimate, and supported by substantial evidence. Dr. Powell did not begin treating Plaintiff until 2015 — years after his DLI — and there is no indication in Dr. Powell's treatment notes that he reviewed records that date back to the adjudicated period. (AR 880-92.) The ALJ did not err in discounting Dr. Powell's opinion based on inconsistency with treatment notes dating to the adjudicated period. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that although an ALJ may not discount a medical opinion merely because it post-dates the DLI, an ALJ may discount a post-DLI opinion that is inconsistent with pre-DLI evidence). As noted by the ALJ earlier in the decision, during

the adjudicated period, Plaintiff's mental health symptoms were only intermittently reported, and resolved quickly with medication. (AR 50-51.) Although Plaintiff argues that "Dr. Powell determined that his opinion was consistent with earlier evidence, or by implication from the state of Plaintiff at the later time, how an earlier time might be inferred[,]" this argument is not based on any indication within Dr. Powell's opinion that he reviewed any earlier evidence. Dkt. 12 at 5. Thus, the Court affirms the ALJ's assessment of Dr. Powell's opinion.

E.  Ms. Godsey

Ms. Godsey provided counseling to Plaintiff from February 2012 to July 2013. (AR 568.) In April 2015, she completed a form medical source statement, describing Plaintiff's limitations and indicated that those limitations existed since February 2010, based on Plaintiff's self-report. (AR 761-64.)

The ALJ gave Ms. Godsey's opinion no weight, finding her conclusions to be unsupported by objective findings. (AR 53.) The ALJ also noted that Ms. Godsey relied on Plaintiff's self-report in order to opine that his limitations existed before she began treating him. (*Id.*)

Plaintiff argues that the ALJ erred in finding Ms. Godsey's opinion to be unsupported, because it was in fact consistent with her treatment notes. Dkt. 10 at 16. A review of Ms. Godsey's notes, however, reveals that at least part of Ms. Godsey's opinion is unsupported even in the treatment notes. For example, although Ms. Godsey indicated that Plaintiff had some concentration and attention deficits (AR 761-62), her treatment notes do not contain any objective findings to support such limitations. (AR 598-754.) In fact, the vast majority of Ms. Godsey's treatment notes record only Plaintiff's self-report. (*Id.*) Thus, this situation is distinguishable from *Garrison v. Colvin*, where checkbox opinions were supported by objective findings recorded in treatment notes. *See* 759 F.3d 995, 1014 n. 17 (9th Cir. 2014).

Furthermore, the ALJ's timing concerns are also germane: Ms. Godsey did not begin treating Plaintiff until after his DLI and wrote her opinion years after she stopped treating him. *See Johnson*, 60 F.3d at 1433 (9th Cir. 1995). And again, as noted by the ALJ earlier in the decision, during the adjudicated period, Plaintiff only intermittently reported mental health symptoms, and they resolved quickly with medication. (AR 50-51.) Furthermore, Ms. Godsey explained the basis of her retrospective application, and cited only Plaintiff's self-report. (AR 764.) Because, as explained *infra*, the ALJ did not err in discounting Plaintiff's self-report, the ALJ did not err in finding that Ms. Godsey's reliance on his self-report undermined her opinion regarding retrospectivity.

<u>Plaintiff's subjective testimony</u>

The ALJ discounted Plaintiff's subjective testimony for a number of reasons, including (1) the medical evidence dating to the adjudicated period does not support Plaintiff's allegations of severe limitations; (2) Plaintiff's activities, specifically his physically strenuous activities, indicate a higher level of functioning than alleged; and (3) much of the record relates to a time after the DLI, and the references to evidence outside the adjudicated period "appear[s] to be an attempt to relate the claimant's current condition back to 2007, which was not supported by the medical evidence." (AR 49-52.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).[3]

As an initial matter, the Court notes that Plaintiff did not directly address all of the ALJ's reasons for discounting his opinion: he did not challenge the sufficiency of the ALJ's findings

---

[3] Plaintiff also argues that the ALJ's findings violated Social Security Ruling (SSR) 16-3p, but this SSR was not in effect at the time of the ALJ's decision. *See* SSR 16-3p, 2016 WL 1237954 (Mar. 24, 2016).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 12

regarding the medical evidence that pre-dates the DLI. Dkt. 10 at 16-18. Plaintiff's failure to challenge all of the ALJ's reasons is fatal to Plaintiff's assignment of error, because even if Plaintiff is correct that the other reasons are erroneous, those reasons would be merely harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

But the ALJ's other reasons are not erroneous. The ALJ cited portions of the record indicating that Plaintiff's symptoms improved with conservative treatment, such as physical therapy, medication, and a TENS unit. (AR 50-51.) The ALJ reasonably found that Plaintiff's symptoms during the adjudicated period were not as limiting as he alleged, in light of the many normal functional findings and the evidence of improvement. (*Id.*)

Likewise, the ALJ noted that Plaintiff reported disabling back pain, but also engaged in strenuous activities such as trimming trees, moving heavy furniture, and hunting large game. (AR 52.) Plaintiff does not dispute that these activities were inconsistent with allegations of back pain; instead, he argues that they were not inconsistent with sleep disruption. Dkt. 10 at 17-18. This argument is misplaced. The ALJ properly identified activities inconsistent with Plaintiff's allegations of back pain, and these were a valid basis for discounting Plaintiff's subjective statements. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

Plaintiff's focus on his allegations of sleep disruption is illogical, because the ALJ did not find any sleep disorder to be a medically determinable or severe impairment at step two, and Plaintiff has not assigned error to the step-two findings. Because the ALJ's RFC assessment need only address limitations caused by medically determinable impairments, Plaintiff cannot show error stemming from the ALJ's failure to account for limitations purportedly caused by sleep

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 13

issues.

Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's subjective testimony, the ALJ's findings in this regard are affirmed.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 21st day of August, 2017.

Mary Alice Theiler
United States Magistrate Judge